UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

―――――――――――――――――――――――――
XIAO WEI YANG CATERING LINKAGE IN     : CASE NO.:
INNER MONGOLIA CO., LTD., and FEI XIE,  :
                                        :
*Plaintiffs*,                           :
                                        :
    v.                                  :
                                        :
                                        :
INNER MONGOLIA XIAO WEI YANG            : Plaintiffs Demand a Jury Trial
USA, INC., *d.b.a.* Xiao Wei Yang and/or :
Little Lamb Restaurant,                 :
CHENG XU, and YONGHUA QIN,              :
326 Cambridge Street                    :
Boston, MA 02114,                       :
                                        :
*Defendants*.                           :
―――――――――――――――――――――――――X

**COMPLAINT AND JURY DEMAND**

Plaintiffs, by and through their attorneys, bring this Complaint against Inner Mongolia Xiao Wei Yang USA, Inc., *d.b.a.* Xiao Wei Yang and/or Little Lamb Restaurant, Cheng Xu, and Yonghua Qin. Plaintiff Xiao Wei Yang Catering Linkage in Inner Mongolia Co., Ltd. ("Xiao Wei Yang – China") is one of the leading and best known restaurant chains, brand names, and franchises in P.R. China. During the negotiation process of a Cooperation Agreement intended to introduce Plaintiff Xiao Wei Yang-China to the United States restaurant franchise market, Defendants Cheng Xu ("Mr. Xu") and Ms. Yonghua Qin ("Ms. Qin") fraudulently represented to Plaintiff Xiao Wei Yang-China that they were unrelated and competing merchants, when, in fact, they were spouses. Mr. Xu and Ms. Qin made this fraudulent representation in order to convey the appearance of an arms-length transaction, when, in fact, they were engaged in self-dealing. This fraudulent representation, among others, induced Plaintiff Xiao Wei Yang-China to enter into the Cooperation Agreement.

1

Plaintiff Xiao Wei Yang-China made substantial capital investments and transferred monies and other benefit to Defendants pursuant to the Cooperation Agreement.  In addition, Plaintiffs provided Defendants with the services of its expert Chef, Mr. Fei Xie ("Mr. Xie"), and otherwise disclosed confidential and specialized knowledge, know-how, and trade secrets. Defendants, however, have repeatedly breached the Cooperation Agreement by, among other things, refusing to pay Mr. Xie the salary, costs and expenses to which he is entitled and knowingly, willfully and in bad faith failing to fully perform terms of the Cooperation Agreement.

In this Action, Plaintiffs, therefore, seek to recover for damages that they incurred in connection with Defendants' breach of contract and fraudulent inducement.

## PARTIES

1. Plaintiff Xiao Wei Yang Catering Linkage in Inner Mongolia Co., Ltd. ("Xiao Wei Yang-China") is one of the leading and best known restaurant chains, brand names and franchises in China.  Xiao Wei Yang-China is a Chinese company headquartered in Inner Mongolia, P.R. China.

2. Plaintiff Fei Xie ("Mr. Xie") is a master and expert Chef, having among other things Plaintiff Xiao Wei Yang-China's specialized knowledge, know-how, and trade secrets

3. Defendant Inner Mongolia Xiao Wei Yang USA, Inc., *d.b.a.* Xiao Wei Yang and/or Little Lamb Restaurant ("Xiao Wei Yang-USA"), is a Massachusetts corporation with a principal place of business, and at all relevant time operates the "Little Lamb Restaurant" located at 326 Cambridge Street, Boston, Massachusetts.

4.      Defendant Cheng Xu ("Mr. Xu") is, upon information and belief, a resident of the Commonwealth of Massachusetts.  Mr. Xu is, upon information and belief, president/owner of Defendant Xiao Wei Yang-USA.

5.      Defendant Yonghua Qin ("Ms. Qin") is, upon information and belief, a resident of the Commonwealth of Massachusetts.  Ms. Qin is, upon information and belief, the treasurer and secretary of Defendant Xiao Wei Yang-USA.

6.      Mr. Xu and Ms. Qin are, upon information and belief, also principals/owners of Little Lamb USA, LLC is a limited liability company organized and existing under Massachusetts law, and are, at all relevant times, *de facto* and/or legal spouses.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(2), 1338, and 1367.

8.      This Court has personal jurisdiction over Xiao Wei Yang-USA, because, upon information and belief, it maintains a principal place of business and does business in Boston, Massachusetts.

9.      This Court has personal jurisdiction over Mr. Xu and Ms. Qin because, upon information and belief, they are residents of the Commonwealth of Massachusetts.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (2), and 1391(c) because Defendants are deemed to reside in this District as they are subject to personal jurisdiction here and as a substantial part of the events or omissions giving rise to the claims occurred within this District.

## **FACTS**

11. In or about early 2011, Mr. Xu and Ms. Qin went to Xiao Wei Yang-China's headquarters in Inner Mongolia, P.R. China to propose terms of business cooperation on its franchise, brand-name licensing and related business developments in the United States. Mr. Xu and Ms. Qin presented themselves under the false pretense that they were unrelated and competing merchants.

12. On or about July 6, 2011 Xiao Wei Yang-China and Mr. Xu and Ms. Qin entered into a Cooperation Agreement, Contract No.: XWYOS/001/20110706 (the "Cooperation Agreement").

13. To induce Plaintiff Xiao Wei Yang-China to enter into the Cooperation Agreement, and during the negotiation process, Mr. Xu and Ms. Qin knowingly, deliberately and in bad faith concealed material facts and made fraudulent misrepresentations, including without limitation that they were not *de facto* and/or legal spouses. They therefore represented themselves as making an arms-length transaction, not self-dealing in this matter.

14. Disclosure of their marital relationship was required under the circumstances. In any event, Mr. Xu and Ms. Qin expressly denied Plaintiff Xiao Wei Yang-China's inquiry on this issue.

15. Plaintiffs would not have entered into the Cooperation Agreement in question except for its reliance upon Defendants' concealment of material facts and their fraudulent misrepresentations.

16. Under the terms of the Cooperation Agreement, Defendants Mr. Xu and Ms. Qin incorporated Xiao Wei Yang-USA, and in this process misappropriated Plaintiffs' brand-name, confidential and specialized knowledge and know-how, and proceeded to do business as Xiao

Wei Yang and/or Little Lamb Restaurant, at 326 Cambridge Street, Boston, Massachusetts, purportedly as Plaintiff Xiao Wei Yang-China's first franchisee and/or brand-name restaurant in the U.S.

17. Further, Defendants violated and are in continuous violation of Plaintiff's federal trademark Registration No. 3,550,357 and common law rights for [logo] (the "Trademark") and other intellectual property rights. Among other things, said Cooperation Agreement does not grant any right to use of its Trademark or any other intellectual property rights. A copy of United States Trademark Registration No. 3,550,357 is attached as Exhibit A.

18. As a purported franchisee, party to and/or beneficiary of the Cooperation Agreement with Plaintiff Xiao Wei Yang-China, Defendants gained substantial business revenues, monies and profits.

19. In addition to capital investment and monies transferred to Defendants pursuant to the Cooperation Agreement, Plaintiff Xiao Wei Yang-China also sent its expert Chef with specialized knowledge, namely, Mr. Fei Xie ("Mr. Xie"), in accordance with the terms of the Parties' Cooperation Agreement, to train and monitor Defendant Xiao Wei Yang-USA's business and operations. However, in flagrant breach and in clear bad faith, Defendants unilaterally withdrew Mr. Xie's U.S. visa sponsorship and/or its renewal, exploited his work as a master Chef, specialized knowledge and trade secrets, and at the same time, refused to pay (notwithstanding due demand) his "compensation, accommodations, translation and transportation," as explicitly agreed to under Section 11 of the Cooperation Agreement, and applicable State and Federal labor laws. M.G.L. ch. 149, § 148; 29 U.S.C. §§ 206, 207.

20. During the time period of Mr. Xie's stay, Defendants also requested and obtained loans and other advances of operational expenses from Mr. Xie as representative of Plaintiff Xiao Wei Yang-China, in the total amount of $66,125.88. Defendants were thereby unjustly enriched as a result.

21. In Section Ten (10) of the Cooperation Agreement, Defendants represented and undertook that "within one year of establishing the first Xiao Wei Yang franchise store [*a.k.a.* Little Lamb Restaurant] in the United States, [they] will establish at least one more franchise store independently or in collaboration with third parties. If [Defendants] failed to fulfill such obligation, [the portions of] this Agreement which grants rights to [Defendants] would be void."

22. However, upon information and belief, Defendants have violated, breached, or are in violation of said terms and express obligations under the Cooperation Agreement, in addition to Defendants' knowing, willful and bad faith failure, to submit 50% franchise Fees or applicable profits to Plaintiff Xiao Wei Yang-China as required by Section Nine (9).

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

23. Plaintiffs incorporate by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

24. On or about July 6, 2011, Plaintiff Xiao Wei Yang-China and Mr. Xu and Ms. Qin entered into the Agreement.

25. Defendants have materially breached the Cooperation Agreement by, among other things, failing to pay Franchise fees, profits and/or other or applicable sums to Plaintiff Xiao Wei Yang-China.

26. Plaintiff Xiao Wei Yang China has been damaged, in an amount to be determined at trial, as a direct and proximate cause of Defendants' breach.

27. As a result of their knowing, willful, and malicious breach, Defendants are liable for monetary damages exceeding $75,000, plus pre-judgment interest, legal fees, and costs, lost profits, and Plaintiffs' additional damages.

**SECOND CAUSE OF ACTION**
(**Breach of the Implied Covenant of Good Faith and Fair Dealing**)

28. Plaintiffs incorporate by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

29. Implied within every contract is a covenant of good faith and fair dealing, which prevents one contracting party from engaging in conduct that unfairly frustrates the other party's right to receive the benefits of the parties' agreement.

30. Defendants unfairly frustrated Plaintiffs' right to receive the benefits of their Agreement by, among other things, making false and misleading statements about the nature and extent of their relationship.

31. Defendants have violated the Agreement's implied covenant of good faith and fair dealing.

32. Plaintiffs have been damaged, in an amount to be determined at trial, as a direct and proximate cause of the breach of the implied covenant of good faith and fair dealing by Defendants.

## THIRD CAUSE OF ACTION
### (<u>Fraudulent Inducement</u>)

33.     Plaintiffs incorporate by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

34.     Defendants made fraudulent misrepresentations and concealed materials facts in order to obtain undue advantage and to induce Plaintiff Xiao Wei Yang-China to enter into the Cooperation Agreement.

35.     Relying on Defendants' fraudulent misrepresentations and concealment of material facts, Plaintiff Xiao Wei Yang-China, together with its representatives including especially individual Plaintiff Mr. Xie, timely, diligently and meticulously performed all of their contractual undertakings, promises and obligations to their detriment, and suffered damages as a result.

36.     A Letter Demand and Notice to Rescind [and void] the Cooperation Agreement was served on Defendants Xiao Wei Yang-USA, Mr. Xu, and Ms. Qin.  While attorneys for Defendants sent responses to that letter, they did not substantively respond to Plaintiff's demand and notice to rescind and void the Cooperation Agreement.

37.     Plaintiff Xiao Wei Yang-China therefore is entitled to rescind and void all its undertakings, representations and obligations, if any, under the Cooperation Agreement; and to demand that Defendants shall cease and desist from using, employing, claiming rights of, licensing and/or franchising by any means Plaintiff Xiao Wei Yang-China's Trademark and brand name, and that rights, entitlement and any other things granted to Defendants by the fraudulently induced Cooperation Agreement, if any, be declared voided and rescinded.

38.     By this complaint, Plaintiff Xiao Wei Yang-China seeks declaratory, legal, and equitable relief entitling it to (a) rescission of the Cooperation Agreement as voided and/or

rescinded; (b) and that Defendants shall cease and desist from using, employing, claiming rights of, licensing and/or franchising by any means Plaintiff, Xiao Wei Yang-China's Trademark and brand name, and that rights, entitlement and any other things granted to Defendants by fraudulently induced Cooperation Agreement, if any, be declared voided and rescinded; and (c) that Defendants be required to disgorge any profits realized under the fraudulently induced Cooperation Agreement to Plaintiffs.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

39. Plaintiffs incorporate by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

40. To induce Plaintiffs to agree to undertake and perform their obligations under the Cooperation Agreement, Defendants knowingly made explicit promises, representations and warranties of performance to Plaintiffs.

41. Based on the fraudulent inducement and breach of their promises, representations and warranties of performance, all conducted in bad faith, Defendants have been unjustly enriched at the expense of Plaintiffs, in an amount to be proved at trial, plus pre-judgment interest, legal fees, and costs, lost profits, and Plaintiffs' additional damages.

42. It would be inequitable and unjust for Defendants to retain these monies and benefit.

43. Plaintiffs are entitled to an order by the Court for monetary damages in in an amount to be proved at trial, plus pre-judgment interest, legal fees, and costs, lost profits, and Plaintiffs' additional damages.

44. Plaintiffs are entitled to recover from Defendants all such other monies and benefit obtained at its expense.

## FIFTH CAUSE OF ACTION
### (Trademark Infringement under 15 U.S.C. § 1114 and Common Law)

45. Plaintiffs incorporate by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

46. Plaintiff, Xiao Wei Yang-China is the rightful owner of the Trademark.

47. In addition to its common law rights in the Trademark, Plaintiff Xiao Wei Yang-China is the owner of United States Trademark Registration No. 3,550,357.

48. Without authorization from Plaintiffs, Defendants have used and continue to use the Trademark, and/or colorable imitations of the Trademark, in connection with the provision of restaurant services to falsely indicate that Defendants are affiliated with or licensed by Plaintiffs.

49. Defendants' past, present, and ongoing actions constitute trademark infringement of the Trademark by using the Trademark in a manner that is likely to confuse, mistake, and/or deceive consumers as to source, sponsorship, or affiliation, subjecting Defendants to liability under 15 U.S.C. § 1114 and at common law.

50. Upon information and belief, such use by Defendants knowingly and willfully trades on the good will established by Plaintiffs in the Trademark.

51. Defendants' infringing actions have damaged Plaintiffs in an amount to be determined at trial.

52. Upon information and belief, Defendants' infringing actions will continue unless enjoined by this court.

53.     Plaintiffs have no adequate remedy at law and will suffer irreparable harm to their business, reputation, and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

### SIXTH CAUSE OF ACTION
### (False Designation of Origin under 15 U.S.C. § 1125(a))

54.     Plaintiffs incorporate by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

55.     Defendants' use of the Trademark to provide restaurant services constitutes a false designation of origin pursuant to 15 U.S.C. § 1125(a), suggesting to consumers that Defendants are associated with or sponsored by Plaintiffs.

56.     Defendants' unauthorized use of the Trademark has a substantial effect on interstate commerce.

57.     Upon information and belief, Defendants' false designation of origin has been made in connection with services from which they make a profit.

58.     Defendants' false designation of origin is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval by Plaintiffs of the services provided by Defendants under the infringing Trademark, subjecting Defendants to liability under 15 U.S.C. § 1125(a).

59.     Defendants' false designation of origin has damaged Plaintiffs in an amount to be determined at trial.

60.     Upon information and belief, Defendants' infringing actions will continue unless enjoined by this court.

61.     Plaintiffs have no adequate remedy at law and will suffer irreparable harm to their business, reputation, and goodwill unless Defendants' unlawful conduct is enjoined by this Court.

### SEVENTH CAUSE OF ACTION
### (State Dilution, Mass. Gen. Laws Ch. 110H)

62. Plaintiffs incorporate by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

63. By the above-described conduct, Defendants have engaged in trademark dilution and caused injury to Plaintiffs' business reputation in violation of Massachusetts General Laws Chapter 110H.

64. Plaintiffs have been injured by said conduct and are entitled to injunctive relief.

### EIGHTH CAUSE OF ACTION
### (Common Law Unfair Competition)

65. Plaintiffs incorporate by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

66. By the above-described conduct, Defendants have engaged in unfair competition under common law.

67. Plaintiffs have been damaged by such conduct in an amount to be determined at trial.

68. Unless stopped by an injunction, Defendants' behavior will continue and will cause Plaintiffs to suffer irreparable harm for which there is no adequate remedy at law. Therefore, Plaintiffs are entitled to injunctive relief.  They are also entitled to damages for such conduct.

### NINTH CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices, Mass. Gen. Laws Ch. 93A)

69. Plaintiffs incorporate by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

70. Defendants are, and at all relevant times have been, engaged in commerce.

71. Defendants have provided services and, on information and belief, continue to provide services under the infringing Trademark primarily and substantially within the Commonwealth of Massachusetts.

72. By the above-described conduct, Defendants engaged in unfair or deceptive trade practices in violation of Mass. Gen. Laws Ch. 93A.

73. Defendants' unfair and deceptive trade practices have been willful and knowing.

74. Defendants' conduct has damaged Plaintiffs in an amount to be determined at trial.

### JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issue so triable.

### REQUEST FOR RELIEF

Plaintiffs request that the Court enter judgment in their favor and against Defendants, as follows:

1. Awarding Plaintiffs actual damages in an amount to be determined at trial;

2. Awarding Plaintiffs consequential damages against each Defendant, in an amount to be determined at trial;

3. Awarding Plaintiffs exemplary and punitive damages against each Defendant, in an amount to be determined at trial;

4. Awarding Plaintiffs double or treble damages in an amount to be determined at trial;

5. Entering injunctive, declaratory, and equitable relief for (a) rescission of the Cooperation Agreement as voided and/or rescinded; (b) requiring Defendants to cease and desist from using, employing, claiming rights of, licensing and/or franchising by any means Plaintiff Xiao Wei Yang-China's Trademark and brand name, and that rights, entitlement and any other things granted to Defendants by the fraudulently induced Cooperation Agreement, if any, be declared voided and rescinded; and (c) requiring that Defendants disgorge any profits realized under the fraudulently induced Cooperation Agreement to Plaintiffs;

6. Awarding Plaintiffs their reasonable litigation expenses and attorney's fees;

7. Awarding Plaintiffs pre- and post-judgment interest;

8. Order Defendants to pay for corrective advertising for the purpose of correcting consumers' mistaken impressions created by Defendants' infringing acts; and

9. Granting Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted,

XIAO WEI YANG CATERING LINKAGE IN INNER MONGOLIA CO., LTD., and FEI XIE,

By their attorneys,

Date: January 16, 2015

/s/ Michael A. Albert
Michael A. Albert, BBO # 558,566
malbert@wolfgreenfield.com
Hunter Keeton, BBO # 660,609
hkeeton@wolfgreenfield.com
Anderson J. Duff, BBO # 687,154
aduff@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue

Boston, Massachusetts 02210
(617) 646.8000 Phone
(617) 646.8646 Facsimile

Frank Xu, Esq. (*pro hac vice* motion to be filed)
Law Office of Frank Xu, PLLC
40 Wall Street, Suite 3301
New York, NY 10005
Tel: (212) 488-2580
Fax: (212) 488-2584
frank@frankxulaw.com

**CERTIFICATE OF SERVICE**

    I certify that I am causing this document to be filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served on the date of electronic filing.

                                            /s/ Hunter D. Keeton
                                            Hunter D. Keeton